**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Donnell Dunlap,<br><br>          Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>          Respondents. | No. CV-21-0314-TUC-RCC (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Petitioner Larry Donnell Dunlap's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. 1). Respondents have filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 15) and Petitioner replied (Doc. 25). The Petition is ripe for adjudication.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Markovich for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

. . .

. . .

. . .

. . .

. . .

. . .

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Trial, Direct Appeal, and Previous Post-Conviction Proceedings

The Arizona Court of Appeals provided the following background:

> Based on acts occurring in 1995, Dunlap was convicted after a jury trial of one count of sexual abuse and five counts of child molestation. His first appeal resulted in his resentencing on four of the child molestation counts, *State v. Dunlap*, No. 2 CA-CR 96-0643 (Ariz. App. Apr. 21, 1998) (mem. decision), at which the trial court imposed consecutive seventeen-year prison terms on each count, for an aggregate prison term of 69.5 years, *State v. Dunlap*, No. 2 CA-CR 99-0084 (Ariz. App. Mar. 30, 2000) (mem. decision). He has since sought and been denied post-conviction relief on numerous occasions. *See State v. Dunlap*, No. 2 CA-CR 2020-0112-PR (Ariz. App. July 6, 2020) (mem. decision); *State v. Dunlap*, No. 2 CA-CR 2019-0271-PR (Ariz. App. May 11, 2020) (mem. decision); *State v. Dunlap*, No. 2 CA-CR 2016-0209-PR (Ariz. App. Aug. 17, 2016) (mem. decision); *State v. Dunlap*, No. 2 CA-CR 2013-0215-PR (Ariz. App. Oct. 7, 2013) (mem. decision); *State v. Dunlap*, No. 2 CA-CR 2011-0196-PR (Ariz. App. Oct. 19, 2011) (mem. decision); *State v. Dunlap*, No. 2 CA-CR 2004-0276-PR (Ariz. App. Feb. 11, 2005) (mem. decision); *State v. Dunlap*, No. 2 CA-CR 2002-0215-PR (Ariz. App. Sept. 11, 2003) (mem. decision).

*State v. Dunlap*, 2021 WL 2134851, at *1 (Ariz. Ct. App. May 26, 2021).

### B. Post-Conviction Relief ("PCR") Proceedings—State v. Tarango[2] Claim

#### 1. PCR Petition

On November 7, 2020,[3] Petitioner filed his Notice of PCR. Answer (Doc. 15), Petr.'s Not. of PCR, *State v. Dunlap*, No. CR52543 (Pima Cnty. Super. Ct. Nov. 7, 2020) (Bates Nos. 000025–27) (Doc. 15-2). Petitioner acknowledged that his notice was untimely, but asserted that it was not his fault because of new law. *Id.* at 12–13[4] (citing

---

[2] *State v. Tarango,* 914 P.2d 1300 (Ariz. 1996).

[3] The prison mailbox rule directs that a *pro se* prisoner's federal habeas petition is deemed filed when "he hands it over to prison authorities" for mailing. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Arizona also applies the prison mailbox rule to *pro se* filings. *See State v. Rosario*, 987 P.2d 226, 228 (Ariz. Ct. App. 1999) (applying the prison mailbox rule to notice of post-conviction relief). For Petitioner's *pro se* post-conviction filings and calculating timeliness, the Court relies on the date on which Petitioner handed his documents over to prison authorities.

[4] Page citations refer to the CM/ECF page numbers, unless otherwise noted.

*State v. Tarango*, 914 P.2d 1300 (Ariz. 1996)). Petitioner checked boxes indicating that "[t]he sentence as imposed [wa]s not authorized by law"; "[n]ewly discovered material facts probably exist . . . [that] would have changed the judgment or sentence"; "[t]he failure to timely file . . . a notice of post-conviction relief was not the Defendant's fault"; and "[t]here has been a significant change in the law that . . . would probably overturn the Defendant's judgment or sentence[.]" *Id.* On November 11, 2020, filed a *pro se* PCR petition. Answer (Doc. 15), Petr.'s Pet. for PCR, *State v. Dunlap*, No. CR-52543 (Pima Cnty. Super. Ct. Nov. 11, 2020) (Bates Nos. 000028–38) (Doc. 15-2). Petitioner asserted that he "continue[d] to be or w[ould] continue to be in custody after his . . . sentence expired." *Id.*, Bates No. 000029 (citing Ariz. R. Crim. P. 32.1(d)). Next, Petitioner alleged that "[n]ewly discovered material facts probably exist, and those facts probably would have changed the judgment or sentence." *Id.* (citing Ariz. R. Crim. P. 32.1(e)). Third, Petitioner urged that "[t]here ha[d] been [a] significant change in the law that, if applicable to the Defendant's case, would probably overturn the Defendant's conviction or sentence." *Id.* (citing Ariz. R. Crim. P. 32.1(g)). Petitioner also indicated that he was entitled to relief pursuant to *State v. Tarango*, 914 P.2d 1304 (Ariz. 1996). Answer (Doc. 15), Petr.'s PCR Pet. at 15.

Petitioner indicated that he "found out through legal research that he has relief under *State v. Tarango*[.]" Answer (Doc. 15), Petr.'s PCR Pet. at 20. Petitioner "claim[ed] that he had a Parole Hearing in 1998 and he was denied parole, because Defendant was eligible under *Tarango*, because *Tarango* was decided in April of 1996, and that Defendant was convicted and sentenced on December 22, 1996 and that Defendant was eligible for relief under *Tarango* but the parole board denied Defendant relief[.]" Answer (Doc. 15), Petr.'s Pet. for PCR at 22, *State v. Dunlap*, No. CR-52543 (Pima Cnty. Super. Ct. Nov. 11, 2020) (Bates Nos. 000028–38) (Doc. 15-2). Petitioner further "claim[ed] that the Board of Parole has failed to re-certified [sic] him since 1998, which has violated Defendant's 14th Amendment Right of due process and . . . [his] 8th Amendment rights against cruel and ususal [sic] punishment . . . [and] equal protection[.]" *Id.*, Petr.'s PCR Pet. at 22–23.

On February 1, 2021, the Rule 32 court "conclude[d] that defendant did not raise this issue in a timely manner[,] [and] . . . failed to provide the [c]ourt with sufficient reasons why he did not raise the claim earlier." Answer (Doc. 15), *State v. Dunlap*, No. CR052543-001, Ruling—In Chambers Ruling Re Successive Pet. for PCR (Pima Cnty. Super. Ct. Feb. 1, 2021) (Bates Nos. 000012–13) (citing Ariz. R. Crim. P. 32.2(b)). As such, the Rule 32 court found Petitioner's claim precluded and denied his PCR petition. *Id.*

### 2. PCR Petition Appeal

On March 15, 2021, Petitioner delivered his petition for review seeking appellate review of the denial of his PCR petition to prison authorities for mailing. Answer (Doc. 15), Petr.'s Pet. for Review by the Court of Appeals, *State v. Dunlap*, No. 2 CA-CR 21-0030 (Pima Cnty. Super. Ct. Mar. 15, 2021) (Bates Nos. 000002–000010) (Doc. 15-1). Petitioner "claim[ed] that *State v. Tarango*, 185 Ariz. 208, 914 P.2d 1300 (AZ 1996) is applicable to his sentencing and represents a change of law." *Id.*, Petr's Pet. for Review at 4. Petitioner asserted that the Rule 32 court "intentionally side stepp[ed] Appellant's argument" regarding *Tarango*. *Id.*, Petr.'s Pet. for Review at 5. Petitioner further "claim[ed] that this trial court judge continues to show bias against anything that Appellant files in its court." *Id.*, Petr.'s Pet. for Review at 6.

On May 26, 2021, the Arizona Court of Appeals granted review, but denied relief. *See State v. Dunlap*, 2021 WL 2134851 (Ariz. Ct. App. May 26, 2021). The appellate court observed that "[i]nsofar as Dunlap challenges the constitutionality of his sentence, the claim is not raisable under Rule 32.1(a) because Dunlap has waived it by failing to raise it on appeal following his resentencing." *Dunlap*, 2021 WL 2134851, at *1 (citing Ariz. R. Crim. P. 32.2(a)(3)). The appellate court further noted that "to the extent Dunlap's claim is raisable under Rule 32.1(c) or (d), he was required to raise it 'within a reasonable time after discovering' its basis[,] . . . [and] was required to explain in his notice 'the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner.'" *Id.* at *2 (citing Ariz. R. Crim. P. 32.2(b) & 32.4(b)(3)(B)). The appellate court concurred with the trial court that Petitioner had "failed to do so, and his attempt to

do so for the first time on review comes too late." *Id.* (citing *State v. Ramirez*, 616 P.2d 924 (Ariz. 1980)). The appellate court also held that "[e]ven if Dunlap had timely raised the claim, however, *Tarango* does not entitle him to relief." *Id.* The appellate court observed that "Dunlap was not sentenced as a repetitive offender, and he is ineligible for early release under the version of A.R.S. § 13-604.01 governing his sentences for dangerous crimes against children." *Id.* (citations omitted). The appellate court also noted that Petitioner "was not entitled to counsel in this successive proceeding." *State v. Dunlap*, 2021 WL 2134851, at *2 (Ariz. Ct. App. May 26, 2021) (citing Ariz. R. Crim. P. 32.5(a)). Finally, the appellate court "decline[d] to find a confession of error" based upon the State's lack of response to Petitioner's petition for review. *Id.*

On June 11, 2021, Petitioner filed his petition for review with the Arizona Supreme Court. Answer (Doc. 15), *State v. Dunlap*, Docket, No. 2 CA-CR 21-0030-PRPC (Bates No. 000001) (Doc. 15-1).[5] At the time of Respondents' response, no decision had been issued. *See id.* On November 8, 2021, the Arizona Supreme Court denied Petitioner's Petition for Review. *State v. Dunlap*, No. 2 CA-CR 21-0030-PRPC, Docket (Ariz. Ct. App. Nov. 8, 2021). On December 28, 2021, the Arizona Court of Appeals issued its Mandate. *State v. Dunlap*, No. 2 CA-CR 21-0030-PRPC, Docket (Ariz. Ct. App. Dec. 28, 2021).

### C. The Instant Habeas Proceeding

On August 3, 2021, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner asserts a single ground for relief alleging a "[v]iolation of [his] 14th Amendment to the Federal Constitution." Petition (Doc. 1) at 6. Petitioner asserts "that the Arizona Department of Corrections Rehabilitations Re-entry has violated [his] 14th Amendment rights to the federal

---

[5] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Arizona state court orders and proceedings are proper material for judicial notice. *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (taking judicial notice of orders and proceedings before another tribunal).

- 5 -

constitution for refusing to give Petitioner relief under *State v. Tarango*[.]" *Id.* "Petitioner claims that ADCRR owes him 64 years in back time due to their failure to recertify him every six month for parole credit from December of 1996 to 2021 and that the courts of Arizona does [sic] not want to grant Petitioner relief in this case." *Id.*

On October 4, 2021, Respondents filed their Answer (Doc. 15), and Petitioner replied (Doc. 25).

## II. STATUTE OF LIMITATIONS

### A. *Timeliness*

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The other subsections being inapplicable, Petitioner must have filed his habeas

petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also McQuiggin v. Perkins*, 569 U.S. 383 (2013). On October 31, 2000, the Arizona Supreme Court denied review, thereby affirming the Arizona Court of Appeals' decision upholding Petitioner's convictions and sentences upon resentencing. *See State v. Dunlap*, No. 2 CA-CR 99-0084, Mem. Decision (Ariz. Ct. App. Mar. 30, 2000); *State v. Dunlap*, No. 2 CA-CR 99-0084, Docket (Ariz. Ct. App. Oct. 31, 2000). As such, Petitioner's judgment became final on January 29, 2001, after the expiration of the ninety (90) day period to file a petition for certiorari from the Supreme Court of the United States. *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [90-day] period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.").

Pursuant to the AEDPA, Petitioner's one-year limitation period expired, absent tolling, on January 29, 2002. *See White*, 281 F.3d at 924 ("[T]he question of when a conviction becomes final, so as to start the running of the statute of limitations under § 2244(d)(1)(A), is fundamentally different from the question of how long the statute of limitations is tolled under § 2244(d)(2)."). Petitioner filed his Petition (Doc. 1) on August 3, 2021. Therefore, absent tolling, the Petition (Doc. 1) is untimely.

### B. Statutory Tolling of the Limitations Period

The limitations period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *Allen v. Siebert*, 552 U.S. 3, 4 (2007). An application for State post-conviction relief is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Statutory tolling of the limitations period ends "[a]fter the State's highest court has issued its mandate or denied review, [because] no other state avenues for relief remain open." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *see also*

*Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (collateral proceeding "determined" when the Arizona Supreme Court denied petition for review).

"[I]n Arizona, post-conviction 'proceedings begin with the filing of the Notice.'" *Hemmerle*, 495 F.3d at 1074 (quoting *Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)). As previously noted, Petitioner has filed several PCR petitions. *See State v. Dunlap*, 2021 WL 2134851, at *1 (Ariz. Ct. App. May 26, 2021) (summarizing previous cases). After review of the appellate court docket and its memorandum decision from the first post-conviction petition, this Court cannot discern when Petitioner's initial PCR petition was filed in the state court. *See State v. Dunlap*, No. 2 CA-CR 2002-0215-PR, Docket (Ariz. Ct. App.); *State v. Dunlap*, No. 2 CA-CR 2002-0215-PR, Mem. Decision (Ariz. Ct. App. Sept. 11, 2003). As such, the Court is unable to calculate when the statute of limitations began to run and whether to deem Petitioner's prior PCR petitions "properly filed."

### C.  *Equitable Tolling of the Limitations Period*

The Supreme Court of the United States has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Ninth Circuit Court of Appeals "will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (quotations and citations omitted). Moreover, Petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland*, 260 U.S. at 649 (quoting *Pace*).

Because the Court is unable to accurately determine the statutory tolling that Petitioner may be entitled to, it will equitably toll the statute of limitations for the instant habeas in order to consider the petition.

. . .

. . .

## III.   STANDARD OF REVIEW

### A.   *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States.*" 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Correcting errors of state law is not the province of federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003)). Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] . . . demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 563 U.S. at 181 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review. *See* 28 U.S.C. § 2254. The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the

state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, (2011); *Williams v. Taylor*, 529 U.S. 362 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 571 U.S. at 19–20 (quoting *Harrington*, 562 U.S. at 103) (alterations in original).

### B.      Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518 (internal citations omitted). This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has

been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 31–33 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and finding the justices' opportunity to read a lower court decision addressing the federal claims insufficient to support fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 962 P.2d 205 (Ariz. 1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350 (1989).

### C. Procedural Default

#### 1. In General

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to

him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law.  In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted).  Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005).  "Together, exhaustion and procedural default promote federal-state comity." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022).

Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways.  First, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1 (citations omitted).  In this circumstance, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quotations and citations omitted) (emphasis in original).  Second, where the petitioner presented his claims to the state court, which denied relief based "on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 728.  Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, [because] resolution of any independent federal

ground for the decision could not affect the judgment and would therefore be advisory." *Id.* This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial or on appeal or in any previous collateral proceeding[.]" Ariz. R. Crim. P. 32.2(a)(3) (2022). If an asserted claim "raises a violation of a constitutional right that can only be waived knowingly, voluntarily and personally by the defendant[,]" such claim is not automatically precluded. *Id.* Neither Rule 32.2. nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 46 P.3d 1067 (Ariz. 2002). The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

### 2. Overcoming a Procedural Bar

Where a habeas petitioner's claims have been procedurally defaulted, a petitioner must show cause and actual prejudice to overcome the bar on federal review. *Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). Actual prejudice requires a habeas petitioner to "show not merely that the errors . . . created a *possibility* of prejudice, but that they

worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.* at 494–96.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404. Further, to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

### IV.  ANALYSIS

Respondents assert that even if the Court finds Petitioner's petition timely, his claim is procedurally defaulted without excuse. Answer (Doc. 15) at 8–11. As discussed below, the Court agrees with Respondents, and finds Petitioner's claim procedurally defaulted.

In his PCR petition, Petitioner indicated that he "found out through legal research that he has relief under *State v. Tarango*[.]" Answer (Doc. 15), Petr.'s PCR Pet. at 20. Petitioner "claim[ed] that he had a Parole Hearing in 1998 and he was denied parole, because Defendant was eligible under *Tarango*, because *Tarango* was decided in April of 1996, and that Defendant was convicted and sentenced on December 22, 1996 and that

- 14 -

Defendant was eligible for relief under *Tarango* but the parole board denied Defendant relief[.]" Answer (Doc. 15), Petr.'s Pet. for PCR at 22, *State v. Dunlap*, No. CR-52543 (Pima Cnty. Super. Ct. Nov. 11, 2020) (Bates Nos. 000028–38) (Doc. 15-2). Petitioner further "claim[ed] that the Board of Parole has failed to re-certified [sic] him since 1998, which has violated Defendant's 14th Amendment Right of due process and . . . [his] 8th Amendment rights against cruel and ususal [sic] punishment . . . [and] equal protection[.]" *Id.*, Petr.'s PCR Pet. at 22–23. The Rule 32 court "conclude[d] that defendant did not raise this issue in a timely manner[,] [and] . . . failed to provide the [c]ourt with sufficient reasons why he did not raise the claim earlier." Answer (Doc. 15), *State v. Dunlap*, No. CR052543-001, Ruling—In Chambers Ruling Re Successive Pet. for PCR (Pima Cnty. Super. Ct. Feb. 1, 2021) (Bates Nos. 000012–13) (citing Ariz. R. Crim. P. 32.2(b)). As such, the Rule 32 court found Petitioner's claim precluded and denied his PCR petition. *Id.* The Arizona Court of Appeals concurred with the Rule 32 court's decision. *See State v. Dunlap*, 2021 WL 2134851 (Ariz. Ct. App. May 26, 2021).

The Arizona procedural rule is an independent and adequate state law ground precluding federal habeas review. *Stewart v. Smith*, 536 U.S. 856, 860 (recognizing independence of Rule 32 procedural determinations); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (rejecting argument that application of Arizona procedural rules "was so unpredictable and irregular that it does not provide an adequate ground for disposal of [petitioner's] claims."). Here, the appellate court was explicit in its reliance on the state procedural bar rule. *Harris v. Reed*, 489 U.S. 255, 264 (1989). Neither has Petitioner met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Nor has

Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Accordingly, Petitioner's claim regarding *Tarango* eligibility, as well as any constitutional claims related to that eligibility, is procedurally defaulted and precluded from habeas review.

## V.   CONCLUSION

Based upon the foregoing, the Court finds that Petitioner's Petition (Doc. 1) procedurally defaulted and should be denied.

## VI.   RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-21-0314-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 8th day of May, 2023.

Eric J. Markovich
United States Magistrate Judge