**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Donnell Dunlap,<br><br>  Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>  Respondents. | No. CV-21-00314-TUC-RCC<br><br>**ORDER** |

On May 8, 2023, United States Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") in which he recommended that this Court deny Petitioner Larry Donnell Dunlap's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition"). (Doc. 30.) On May 23, 2023, Petitioner filed an Objection. (Doc. 33.) Respondent filed a Response on June 6, 2023. (Doc. 34.) The Court will deny the Petition.

On June 13, 2023, Petitioner filed a motion seeking leave to reply to Respondent. (Doc. 36.) He argues that he needs to correct Respondent's "false facts and misquote of case laws." (*Id.* at 1.) Federal Rule of Civil Procedure 72(b)(2) permits written objections to a magistrate judge's report and recommendation and allows the non-objecting party an opportunity to respond. Fed. R. Civ. P. 72(b)(2). It does not provide for replies as a matter of right, but it allows the Court discretion to permit a reply. The Court, in its discretion, will not permit reply here. The Court finds no false facts or misstatements of law in Respondent's Response, and, even if there were, the Court's focus is on the

Magistrate Judge's R&R and any *specific* objections that Petitioner has raised which the Court will review de novo based on its review of the record and relevant law.

## I.     Standard of Review

The standard of review applied to a magistrate judge's report and recommendation depends on whether a party files objections. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district court need not review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Id.* at 150. If, however, a party objects, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Although the district court is not required to review an issue de novo absent a proper objection, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II.    Factual and Procedural History[1]

After a jury trial in 1996, Petitioner was convicted of one count of sexual abuse and five counts of child molestation. *State v. Dunlap*, 2021 WL 2134851, at *1 (Ariz. Ct. App. May 26, 2021). He was resentenced following his first appeal to an aggregate prison term of 69.5 years. *Id.* Between 2003 and 2020, Petitioner unsuccessfully sought post-conviction relief on numerous occasions. *Id.* (collecting cases).

On November 7, 2020, Petitioner filed a Notice Requesting Post-Conviction Relief, raising a new claim under *State v. Tarango*, 914 P.2d 1300 (Ariz. 1996). (Doc. 15-2 at 11–12.) He asserted that the failure to timely file the notice was not his fault because he was "presented with the newly [sic] evidence of State v. Tarango case and ADCC ruled that relief is proper in a Rule 30 proceeding." (*Id.* at 13.) On November 11, 2020, Petitioner filed his successive pro se PCR Petition. (*Id.* at 14–24.) Petitioner averred that

---

[1] There being no objection to the Magistrate Judge's factual summary, the Court will offer an abridged summary.

he learned of *Tarango* and believed he is entitled to parole hearings based on its holding. (*Id.* at 20.) He further argued "that the Board of Parole has failed to re-certified [sic] him since 1998, which has violated Defendant's 14th Amendment Right of due process and . . . [his] 8th Amendment rights against cruel and unusal [sic] punishment . . . [and] equal protection[.]" (*Id.* at 22–23.)

The Rule 32 court found Petitioner's claim was precluded because he "did not raise this issue in a timely manner [and] failed to provide the [c]ourt with sufficient reasons why he did not raise the claim earlier." (Doc. 15-1 at 13–14.) Accordingly, the court denied relief. (*Id.*)

The Arizona Court of Appeals granted review and denied relief. *State v. Dunlap*, 2021 WL 2134851 (Ariz. Ct. App. May 26, 2021). It determined Petitioner's claim under Arizona Rule of Criminal Procedure 32.1(a) was precluded by Rule 32.2(a)(3) because Petitioner waived the claim when he did not raise it on appeal following resentencing. *Id.* at *1. The court further concluded that Petitioner was required to raise any claim under Rule 32.1(c) and (d) within a reasonable time after discovering its basis and "to explain in his notice 'the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner.'" *Id.* at *2 (citing Ariz. R. Crim. P. 32.2(b), 32.4(b)(3)(B)). The appellate court noted that even if Petitioner had raised his *Tarango* claim in a timely manner, it would fail on the merits. *Id.* The Arizona Supreme Court denied his petition for review. (Doc. 15-1.)

On August 3, 2021, Petitioner filed this Petition with one ground for relief—that the Arizona Department of Corrections Rehabilitations Re-Entry violated his rights under the 14th Amendment and 8th Amendment to the U.S. Constitution by refusing to give Petitioner relief under *Tarango* and recertify him for parole credit. (Doc. 1.)

### III. Magistrate's R&R

On May 8, 2023, the Magistrate Judge issued his recommendation that this Court deny the Petition. (Doc. 30.) The Magistrate Judge first determined that the Petition is untimely absent tolling. (*Id.* at 7.) The Magistrate Judge then explained that "[b]ecause

the Court is unable to accurately determine the statutory tolling that Petitioner may be entitled to, it will equitably toll the statute of limitations for the instant habeas in order to consider the petition." (*Id.* at 8.)

Nonetheless, the Magistrate Judge found that this Court should deny the Petition because Petitioner's claim is procedurally defaulted thereby precluding federal review. (*Id.* at 14.) The Magistrate Judge underscored that the state courts denied the claim because it was precluded based on state procedural law. (*Id.* at 15.) The Magistrate Judge explained that "[t]he Arizona procedural rule is an independent and adequate state law ground precluding federal habeas review." (*Id.* (citing *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Carriger v. Lewis*, 917 F.2d 329, 333 (9th Cir. 1992)).) The Magistrate Judge also concluded that Petitioner had not met his burden of showing cause and prejudice, or, by clear and convincing evidence, that, but for a constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. (*Id.* at 15–16.)

## IV. Petitioner's Objection

Petitioner objects to the Magistrate Judge's finding that his claim is procedurally defaulted because he says he only learned of *Tarango* in 2020 and therefore could not have brought the claim sooner. (Doc. 33 at 3.) The Court notes that Petitioner's Objection is in large part a repetition of the arguments he made before the Magistrate Judge. (Doc. 33) Any written objections to a report and recommendation "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").

## V. Discussion

The Court has reviewed the R&R (Doc. 30), Petitioner's Objection (Doc. 33), Respondent's Response to Petitioner's Objections (Doc. 34), Petition (Doc. 1), Response

(Doc. 15), and the record and authority that was before the Magistrate Judge. The Court finds the R&R thorough and well-reasoned and will adopt it in its entirety. The claim Petitioner raises under *Tarango* is procedurally defaulted, precluding federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 728 (1991). As the Magistrate Judge explained in detail (Doc. 30 at 9–16), the Arizona state courts denied Petitioner's claim based on a state procedural rule that is an independent and adequate state law grounds to support the judgment. The Court has "no power to review a state law determination that is sufficient to support the judgment, [because] resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.*

Petitioner has not raised any specific objection to this finding or the Magistrate Judge's finding that Petitioner has not shown cause and prejudice to overcome this procedural bar.

**VI.   Conclusion**

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Leave to File Reply is **DENIED**. (Doc. 36.)

**IT IS FURTHER ORDERED** that the R&R is **ADOPTED** (Doc. 30) and Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 29th day of June, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge